## AMERICAN CASUALTY COMPANY *v.* LEA.

### Opinion delivered October 29, 1892.

1. *Corporation—Libel.*

    A corporation may be guilty of, and can be sued for, a libel.

2. *Foreign insurance company—Liability to suit.*

    Under sec. 3834, Mansf. Dig., which provides that no foreign insurance company shall do business in this State until it has filed with the Auditor a stipulation "that any process affecting the company served on the Auditor or the party designated by him or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within the State," *held*, a foreign insurance company which has appointed the Auditor as its agent to receive service of process may be sued, in the manner designated, upon any cause of action arising within the State, whether arising out of its insurance contracts or not.

3. *Writ of prohibition—Practice.*

    Upon a petition to prohibit a circuit judge from proceeding to hear a cause pending in the circuit court, for want of jurisdiction of the person of the defendant, the Supreme Court will not consider the truth or sufficiency of the allegations of the complaint in such cause.

Petition for Writ of Prohibition to Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*Sandels & Hill* for petitioner.

1.   A foreign insurance company can be sued in this State only upon liabilities growing out of its insurance contracts.    Such is the intention of the legislature. Suth. Stat. Const. secs. 211, 218, 240, 241, 246, 284 ; 139 U. S. 223 ; 14 Atl. Rep. 689 ; 18 How. 404 ; 106 U. S. 350 ; Morawetz on Corp. sec. 980 ; 22 Fed. Rep. 275 ; 29 *id*. 35 ; 44 Pa. Stat. 422 ; 50 Fed. Rep. 683 ; 17 N. W. Rep. 504 ; 16 *id*. 84 ; 30 Fed. Rep. 350 ; 50 N. W. Rep. 565 ; 25 N. E. Rep. 173 ; Reno, Non-Res. secs. 45–46.

2.   Soliciting subscriptions, advertising etc., is not "doing business within the State," within the statutory intention.    71 Ala. 60 ; 8 Am. & Eng. Enc. Law, p. 346 *et seq.;* 113 U. S. 727 ; Beach, Priv. Corp. sec. 416 ; 32 Fed. Rep. 434, 802 ; 8 So. Rep. 84.

*Martin & Murphy* and *Dan W. Jones*, for respondents.

1.   A corporation is liable to action for damages for libel.    2 Waterman on Corp. p. 432, sec. 281, and cases cited.

2.   By sec. 11, art 12, Const. and Mansf. Dig. sec. 3834, foreign corporations are placed upon a level with domestic corporations, and "*any* legal process" may be served upon them through their agent.    96 U. S. 369 ; 12 Wall. 65 ; 31 Fed. Rep. 294 ; 22 Fed. Rep. 305 ; 51 Mich. 5.

HUGHES, J.   This is a petition by the insurance company praying for a writ to prohibit the circuit judge from proceeding in a cause pending before him, as judge of the Pulaski circuit court, which is a suit for libel by J. W. Callaway against the company and its agents ; in which suit process was issued against the defendants, and served upon the Auditor of the State as the agent of the insurance company, which is a foreign corporation organized in the State of Maryland, and doing "an accident, casualty, and employer's liability insurance busi-

ness in this State, and no other business in this State,"
as stated in the petition for the writ of prohibition.  The
petition states that the company had complied with the
insurance laws of the State, and had appointed the Audi-
tor of the State to receive service of process for it; and
the service in the said suit was upon the Auditor, by
delivering to him a copy of the summons, as provided by
the statute.

The company, by attorney, appeared specially only,
and filed a motion to quash the return on the summons,
on the ground that the court had no jurisdiction of either
the company or the subject matter of the suit.  The
motion was denied.  Hence the application for the writ
of prohibition.

The complaint in the circuit court (a copy of which
is exhibited with the petition to this court) states that
"as an unlawful means of advertising its business," etc.,
the defendant company "falsely and maliciously did pub-
lish, and cause to be published, libelous and defamatory
matter about him, and accused him therein of having
been guilty of embezzlement, which is a felony."

Now, the contention of the insurance company is
that it can be sued in this State only upon liabilities
growing out of its insurance contracts, while it does no
other than an insurance business in the State; and that
it cannot, therefore, be held to answer upon this service
in a suit for libel in this State.

It is well settled that a corporation may be guilty, of *1. Corporation may be guilty of libel.*
and can be sued and indicted for, libel.  Odgers on Libel
and Slander, 368 and 369; Townsend on Slander and
Libel, sec. 261.

We are not prepared to accede to the proposition *2. Liability of foreign insurance company to suit.*
that a foreign insurance company, doing only an insur-
ance business in this State, can be sued only upon liabil-
ities arising out of its insurance contracts made in this
State.  The cases cited in the brief of counsel to main-

tain this position go only to the extent of holding that the foreign corporation must be doing business in the State where it is sued, and that the cause of action upon which it is sued must have arisen in the State where the suit is brought. We understand that when the foreign corporation agrees to "be found" in the State, it may be sued as a domestic corporation or a citizen of the State upon any liability upon a cause of action arising within the State. Foreign as well as domestic corporations transact their business by agents, and wherever the duly authorized agent of the corporation is found, transacting its business, the corporation itself is found. *St. Clair* v. *Cox*, 106 U. S. 355.

Sec. 11, art. 12, Const. of Ark., provides that "foreign corporations may be authorized to do business in this State under such limitations and restrictions as may be prescribed by law ; provided that no such corporation shall do business in this State except while it maintains therein one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served ; and, as to contracts made or business done in this State, they shall be subject to the same regulations, limitations and liabilities as like corporations of this State; and shall exercise no other or greater powers, privileges or franchises than may be exercised by like corporations of this State; nor shall they have power to condemn or appropriate private property." Section 3834 of Mansfield's Digest is as follows : " No insurance company, not of this State, nor its agents, shall do business in this State, until it has filed with the Auditor of this State a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the Auditor or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the com-

pany within this State." "Whether the·stipulation is filed or not, service on the Auditor is sufficient service on the company, the latter being estopped to deny that it had filed the required stipulation," when the company is doing business in the State, as it can do business in the State only upon compliance with the statute. *Ehrman* v. *Teutonia Ins. Co.* 1 McCrary, 123 ; *St. Clair* v. *Cox*, 106 U. S. 356.

Whether the agents.bind the corporation by their action, whether they act within the scope of their authority, express or implied, whether what they do grows out of or has any connection with the business of the corporation in this State, are questions not to be decided by this court in the first instance. They must be first tried by the circuit court upon the pleadings and the evidence. This corporation says, for instance, that it is not guilty of publishing the libel charge, and, therefore, denies its liability to suit in the courts of this State. This may be pleaded in bar and given in evidence, and, if true, will defeat the plaintiff's claim. It cannot, therefore, be properly a subject of plea to the jurisdiction. In this controversy we must take the plaintiff's cause of action to be such as he has alleged it to be in his complaint ; otherwise we shall be trying the merits of the controversy for the purpose of determining whether we have power to try them. *Nat'l Condensed Milk Co.* v. *Brandenburgh*, 40 N. J. L. 112. The truth of the allegations of the complaint, as well as the sufficiency of them to constitute a cause of action, are not questions now before this court.

3. Practice upon application for writ of prohibition.

The only question now here is, whether the circuit court obtained jurisdiction of the corporation by the service of the summons upon the Auditor as its agent. If so, it can render a personal judgment against the corporation, if the pleadings and proof in the case warrant it. The service was in accordance with the statute. The prayer of the petition is denied.