NEW YORK FIRE & MARINE UNDERWRITERS, INC. *v.*
G. B. COLVIN, JR., JUDGE

5-4111                                              411 S. W. 2d 657

Opinion delivered February 13, 1967
[Rehearing denied March 20, 1967.]

*Arnold & Hamilton,* for appellant.

*Switzer & Griffin,* for appellee.

J. FRED JONES, Justice. This case involves a petition for a writ of prohibition directed to the Ashley County Circuit Court where a complaint was filed by an Ashley County resident against two insurance companies domiciled in another state. The suit was filed by Mrs. C. A. Hughes against New York Fire & Marine Underwriters, Inc., hereinafter called Underwriters, and Fireman's Fund Insurance Company, hereinafter called Fireman's Fund, and process was timely served on the Insur-

ance Commissioner as provided in Ark. Stat. Ann. § 66-2218 (Repl. 1966).

Fireman's Fund filed its answer but Underwriters appeared specially, and on a motion to quash, objected to the jurisdiction of the court on two grounds as follows:

"1. That this defendant has done no act to subject itself to the jurisdiction of this court under the allegations of the complaint.

"2. That this court lacks jurisdiction both of this defendant and of the cause of action, if any, alleged in the complaint of the plaintiff."

The motion to quash was overruled by the trial court and Underwriters has filed its petition here for a writ of prohibition to prevent the Ashley County Circuit Court from assuming jurisdiction over the petitioner and the subject matter of the law suit.

It is admitted by stipulation that the insurance commissioner is the duly appointed agent of petitioner for service of process in Arkansas, and that the insurance commissioner was duly served with summons in this case.

Briefly stated, the facts are as follows:

The plaintiff, Mrs. C. A. Hughes, is a resident of Ashley County, Arkansas, and her daughter and son-in-law are residents of Louisiana. While riding as a passenger with the daughter and son-in-law in their automobile on a trip into Texas, Mrs. Hughes was injured in a collision between the automobile in which she was riding and one driven by a resident of Texas. Fireman's Fund had issued an insurance policy to the son-in-law in Louisiana, insuring members of his family or anyone riding in his automobile, against damages such occupant would be entitled to recover against an uninsured motorist.

Mrs. Hughes filed suit against the petitioner in the Ashley County Circuit Court alleging damages in the

amount of $8,000.00 for personal injuries sustained in the collision in Texas through the negligent acts of an uninsured Texas motorist and while she was riding in the automobile owned by her daughter and son-in-law, and being driven at the time by her son-in-law, Milbern Don Pennington. Mrs. Hughes then alleged in her complaint, that the petitioner, New York Fire & Marine Underwriters, Inc. had issued its family automobile liability policy to Milbern Don Pennington, Mrs. Hughes' son-in-law, insuring "the named insured, any relative, or any other person while occupying the insured automobile with respects to damages she is entitled to recover because of bodily injury from the owner or operator of an uninsured automobile."

Plaintiff then alleged that she had complied with all the conditions of the policy precedent to establishing liability of the defendant thereunder, that demand for payment had been made upon the defendant and that defendant had refused to even discuss payment.

The petitioner sets out one point on which it relies as follows:

"Lower court wholly lacks jurisdiction of subject matter and petitioner."

The petitioner properly sets out in its brief, the office of the writ of prohibition. Petitioner then argues that it is doing no business in the State of Arkansas, maintains no office in this State, and that the policy sued on was written in the State of Louisiana with a Louisiana resident as the named insured. Petitioner contends that the plaintiff brought suit in Arkansas on an insurance contract written in Louisiana, when the cause of action actually arose in the State of Texas, and that the trial court is without jurisdiction under § 11, article 12 of the Arkansas constitution quoted by petitioner as follows:

"Foreign corporations may be authorized to do business in this State under such limitations and restrictions as may be prescribed by law; provided that no

such corporation shall do any business in this state except while it maintains therein one or more known places of business and authorized agent or agents in the same, upon whom process may be served; and, as to contracts made or business done in this State, they shall be subjected to the same regulations, limitations, and liabilities as like corporations of this State."

Petitioner cites several cases in support of its petition, but none of them involve an uninsured motorist clause in an automobile liability policy where service is had on the insurance companies' designated agent for service in Arkansas.

Whatever rights and benefits Mrs. Hughes may have under the terms of the policy are matters for determination by the trial court. In a transitory action such as this, Mrs. Hughes being a resident of Arkansas could sue the petitioner in this State, so we hold that the court had jurisdiction of the subject matter in this case. *Equitable Life Assurance Society* v. *Mann,* 189 Ark. 751, 75 S. W. 2d, 232.

Petitioner argues that even though it is *authorized* to do business in Arkansas, *it is not actually doing business in Arkansas* and therefore, the trial court has no jurisdiction of the petitioner.

In the early case of *American Casualty Company* v. *Lea,* 56 Ark. 539, 20 S. W. 416, this court said:

"The only question now here is, whether the circuit court obtained jurisdiction of the corporation by the service of the summons upon the auditor as its agent" If so, it can render a personal judgment against the corporation, if the pleadings and proof in the case warrant it. The service was in accordance with the statutes."

Petitioner admits that the insurance commissioner was its duly designated agent for service in Arkansas,

and we hold that when the petitioner became authorized to do business in Arkansas and designated the insurance commissioner its agent for service, it made itself subject to the jurisdiction of the Arkansas courts, and the Ashley County Circuit Court had jurisdiction of petitioner in this case.

The petition for a writ of prohibition is hereby denied.