**William KRONE, Plaintiff,**

v.

**A M I, INC., Defendant.**

**No. LR-73-C-124.**

United States District Court,
E. D. Arkansas, W. D.

Nov. 29, 1973.

William A. Hough of Spitzberg, Mitchell & Hays, Little Rock, Ark., for plaintiff.

Winslow Drummond of Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

HENLEY, Chief Judge.

This personal injury suit is now before the Court on the motion of the defendant, AMI, Inc., to quash service of summons. The motion is actually one to dismiss the complaint for lack of in personam jurisdiction with respect to the defendant. The motion, opposed by plaintiff, has been submitted on the complaint, the motion, memorandum briefs in support of and in opposition to the motion, and a stipulation of facts.

Plaintiff is a citizen of Arkansas. Defendant is a Louisiana corporation which holds a franchise authorizing it to operate a Holiday Inn in the City of Shreveport, Louisiana. In March 1971 plaintiff sustained personal injury while a guest at the Holiday Inn operated by the defendant, and he claims that his alleged injury was proximately caused by negligence on the part of the defendant. Damages in excess of $10,000 are claimed.

Service was had pursuant to the Arkansas "long arm" statute, Ark.Stats., Ann., Cum.Supp., section 27–2501 et seq.

The jurisdictional facts of the case are not in dispute. Notice may be taken of the fact that Holiday Inns of America is a nationwide chain of motels; most, if not all, of the individual motels, like the one operated by defendant, are operated by independent franchisees which provide accommodations conforming to standards prescribed by the "parent" corporation. All Holiday Inns in the United States are members of a reservation service known as Holidex. Holidex is a teletype service provided by American Telephone & Telegraph Co. By the use of this service a person can go to any Holiday Inn in the United States and make a reservation at any Holiday Inn anywhere else in the United States. Other motel chains make use of similar reservation services.

Prior to March 17, 1971, plaintiff went to a Holiday Inn in North Little Rock, Arkansas, and made a reservation of a room in defendant's Inn in Shreve-

port for the evening of March 17. The reservation was made and confirmed, and plaintiff duly checked into the Inn at Shreveport where he was injured. It has been stipulated that: "The fact that AMI, Inc. is a subscriber to the 'Holidex' system and the fact that the plaintiff used the 'Holidex' system in Arkansas to make a reservation in Louisiana with the defendant, AMI, Inc., constitute the sole basis on which plaintiff contends that this Court can exercise personal jurisdiction over the defendant."

Ark.Stats., Ann., section 27–2502 subd. C provides, among other things:

"1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

"(a) transacting any business in this State;

\*   \*   \*   \*   \*   \*

"2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him."

The position of the plaintiff is that in connection with the making of his reservation at Shreveport the Holiday Inn in North Little Rock acted as the agent of the defendant in Shreveport, and that the making of the reservation amounted to a transaction of business in Arkansas by the defendant.

■ The Court has no trouble with that proposition as far as it goes. But it does not go far enough. In order to sustain jurisdiction under the Arkansas statute the plaintiff must show not only that the defendant transacted business in Arkansas but also that his cause of action is one "arising out of" the transacting of business in this State by the defendant.

■ In other words, there must be a relationship between the defendant's connection with Arkansas, here the transacting of business, and the injury com-

plained of. And the Court thinks that the relationship must be actual rather than merely antecedent.

■ In this case the acts of the plaintiff and the defendant in making a contract for the renting of a room in Shreveport by means of the Holidex system amounted to nothing more than an antecedent fact having nothing whatever to do with the injury that plaintiff claims to have sustained. Plaintiff would have received his injury had he made his reservation by a direct telephone call from his own home in North Little Rock to the Holiday Inn at Shreveport, or indeed if he had made no reservation at all and had simply secured a room on March 17 by calling at the desk of the Holiday Inn at Shreveport.

This Court is well aware that the Arkansas statute under consideration is entitled to a very liberal construction. Pennsault Chemical Corporation v. Crown Cork & Seal Co., 1968, 244 Ark. 638, 426 S.W.2d 417; Thompson v. Ecological Science Corporation, 8 Cir., 1970, 421 F.2d 467. It must be kept in mind, however, that there is a point beyond which the reach of such a statute should not and constitutionally may not be extended. Hanson v. Denckla, 1958, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

To uphold the position of the plaintiff in this case would mean that every independent member of a nation-wide organization, such as a motel organization, would be subject to in personam tort jurisdiction in any State of the Union simply because it subscribes to a teletype reservation service which was used by the plaintiff for the purpose of securing a reservation, with the plaintiff being injured later while on the business premises pursuant to the reservation so made. The Court is not willing to extend the scope of the Arkansas statute so far.

This is not to say, of course, that the courts of the State wherein the reservation was made might not have jurisdiction of an extra-State claim arising out

of a breach of the reservation contract; but this is not such a case.

In view of what has been said, it is ordered that defendant's motion that has been discussed will be, and it hereby is, Sustained, and that the complaint herein be, and it hereby is, Dismissed for lack of personal jurisdiction.