Donald G. MARTIN and Rose Martin, his wife, Plaintiffs,

v.

KELLEY ELECTRIC CO. and Morgen Manufacturing Co., Defendants.

No. LR–71–C–179.

United States District Court, E. D. Arkansas, W. D.

March 8, 1974.

**1226**

Henry Woods of McMath, Leatherman & Woods, Little Rock, Ark., for plaintiffs.

W. H. Sutton of Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., for defendant Kelley Electric Co.

Robert L. Henry, III, of Barber, McCaskill, Amsler & Jones, Little Rock, Ark., for defendant Morgen Mfg. Co.

## MEMORANDUM OPINION

HENLEY, Chief Judge.

This products liability case in which federal subject matter jurisdiction is established on the basis of diversity of citizenship and amount in controversy is now before the Court on the motion of the defendant Morgen Manufacturing Co. to dismiss the complaint as to it for alleged lack of in personam jurisdiction.[1]

The question presented is as to the scope of the Arkansas "long-arm" statute[2] when used as a means of bringing into a federal court in Arkansas a foreign nonqualifying corporation to answer a claim for personal injuries made by an Arkansas citizen and growing out of an accident that occurred in another State. The motion has been presented on the pleadings, discovery material, and motion papers including memorandum briefs.

The plaintiffs are, and at all pertinent times have been, citizens of Arkansas. Defendant Kelley Electric Co. is a Missouri corporation which has qualified to do business in Arkansas and which has a designated agent for service in this State. Movant, hereinafter called Morgen, is a South Dakota corporation having its principal place of business at Yankton in that State. It has never qualified to do business in Arkansas and has no local agent for service. It has transacted business in Arkansas in the sense that it has from time to time sold products to Arkansas purchasers, which products have been shipped into Arkansas, f. o. b. Yankton, South Dakota. It has no local plants, outlets, or employees.

In December 1969 plaintiff, Donald G. Martin, was employed on a construction job at or near Carruthersville, Missouri. A concrete mixer was being used in the work that was being prosecuted by Martin's employer. That mixer was equipped with a conveyor system pow-

---

1. The defendants originally named in the case were Kelley Electric Co. and Goodyear Rubber Co. Morgen Manufacturing Co. was brought into the case by an amendment to the complaint filed about a year after the commencement of the action. Thereafter, the complaint as to Goodyear was dismissed on stipulation of the parties.

2. Act 101 of 1963, Ark.Stats.Ann., Cum. Supp., § 27–2501 et seq.

ered by electric current. The conveyors had been manufactured by Morgen in South Dakota and had been shipped to the employer in Missouri. They were wired for use by Kelley Electric Co.

On December 13, 1969, the conveyor system malfunctioned, and Martin and fellow employees undertook to correct the malfunction. While so doing Martin sustained serious and allegedly permanent injuries to his right arm when the conveyor on which he was working suddenly went into motion and drew his arm into a pulley.

Martin and his wife brought this action alleging that Martin's injuries were proximately caused by negligence and breach of warranty. In the original complaint it is alleged that Kelley Electric Co. was guilty of negligence in wiring the conveyor system; and in the amendment to the complaint whereby Morgen was named as a defendant it is alleged that Morgen was guilty of negligence in the manufacture of the conveyors and in certain other respects, and that Morgen also breached implied warranties with regard to the conveyors.

Ark.Stats.Ann., Cum.Supp., section 27–2502 provides in pertinent part:

"C. Personal jurisdiction based upon conduct.

"1. A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this State;

(b) contracting to supply services or things in this State;

(c) causing tortious injury by an act or omission in this State;

(d) causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State;

(e) having an interest in, using, or possessing real property in this State; or

(f) contracting to insure any person, property, or risk located within this State at the time of contracting.

"2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him."

■ It is well established by now that the purpose of the statute under consideration was to permit courts in Arkansas, including federal courts, to exercise in personam jurisdiction to the furthest limits permitted by due process of law, and that the statute is to be construed liberally. Nix v. Dunavant, 1970, 249 Ark. 641, 460 S.W.2d 762; Wichman v. Hughes, 1970, 248 Ark. 121, 450 S.W. 2d 294; Pennsalt Chemical Corp. v. Crown Cork & Seal Co., 1968, 244 Ark. 638, 426 S.W.2d 417. And the purpose of the statute and the broad construction to be given to it have been recognized by this Court in a number of cases. Krone v. AMI, Inc., E.D.Ark.1973, 367 F.Supp. 1141; Thompson v. Ecological Science Corporation, E.D.Ark.1969, 295 F.Supp. 1307;[3] Davis v. Triumph Corporation, E.D.Ark.1966, 258 F.Supp. 418.

■ The statute presupposes that the person or corporation to be brought before the Arkansas court has had the "minimal contacts" with this State necessary to satisfy the constitutional requirement of cases like International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. And it also presupposes that the claim or cause of action asserted against that person has arisen from those contacts. It is to be observed in this connection that the phrase "arising from" enumer-

3. In that case this Court refused to uphold a claim of jurisdiction based on the statute. The Court of Appeals reversed. Thompson v. Ecological Science Corporation, 8 Cir., 1970, 421 F.2d 467.

ated acts or conduct appears in both section 27–2502, subd. C, par. 1 and section 27–2502, subd. C, par. 2.

It is the theory of the plaintiffs that Morgen has transacted business in Arkansas and has contracted to supply goods and products in this State, and that plaintiff's injury was one "arising from" the Arkansas business conducted by Morgen when the quoted phrase is given the broad and liberal interpretation that the cases require. In support of that contention counsel for the plaintiffs cite principally Singer v. Walker, 1965, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, and Begeron v. Sabine Dredging & Construction Co., W.D.La. 1968, 281 F.Supp. 223.

From the record before it the Court finds without difficulty that Morgen has transacted business in Arkansas and has contracted to supply goods here within the meaning of section 27–2502, subd. C, par. 1(a) and (b). But, the Court does not find that Martin's injury arose out of Morgen's Arkansas contacts. On the contrary, the Court finds that Morgen's Arkansas activities were entirely unrelated to the injury sustained in Missouri.

The Court has considered Singer and Bergeron, both supra, and is convinced that in each of those cases there were present at least antecedent connections between the defendant's activities in the forum State and plaintiff's injury in some other State.

No such connections are present here. Martin simply went to work on a job in Missouri where he was injured as a result of alleged defects in products manufactured by Morgen. The product that injured Martin had not been contracted for in Arkansas, was not made in Arkansas, and did not come into Missouri from Arkansas. Martin's injury was not a result, natural or otherwise, of anything that Morgen ever did in this State.

But even if there had been antecedent connections between Morgen's business activities in Arkansas and Martin's injury in Missouri, plaintiffs would not be helped in view of the construction that the Court placed on the Arkansas statute in Krone, supra, to which construction the Court now adheres. That construction was and is that in order to confer jurisdiction on this Court under section 27–2502 the connection between a defendant's activities in Arkansas and the injuries of a plaintiff in another State must be actual and not merely antecedent.

In that case the plaintiff, Krone, was injured at a Holiday Inn in Shreveport, Louisiana, which Inn was being operated by the defendant, AMI, Inc., as a franchisee. Plaintiff was a resident of North Little Rock, Arkansas, and he obtained his reservation at the Inn by making use in North Little Rock of the Holidex communications system to which system all Holiday Inns in the United States subscribe. It was stipulated that the claim of jurisdiction over the defendant was based upon the defendant's membership in the system and the fact that Holidex was used in making plaintiff's reservation. In connection with its finding that Krone's injury had not arisen from business transacted by defendant in Arkansas in connection with Krone's reservation, the Court said (367 F.Supp. at 1143):

"This Court is well aware that the Arkansas statute under consideration is entitled to a very liberal construction. (Citations omitted.) It must be kept in mind, however, that there is a point beyond which the reach of such a statute should not and constitutionally may not be extended. Hanson v. Denckla, 1958, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283. . . ."

The Court then went on to point out that in effect to uphold the claim of jurisdiction with respect to AMI would mean that every Holiday Inn in the United States in which an injury might occur would be subject to in personam jurisdiction in any other State wherein a Holiday Inn is located provided that the injured party had used the Holidex system in the forum State to make his reservation in the State where the inju-

ry occurred.   The Court was not willing to extend the Arkansas statute that far.

If the Court was correct in dismissing *Krone* for lack of in personam jurisdiction, it follows a fortiori that the complaint against Morgen in this case must be dismissed, and it will be so ordered.