**Freddie Pauline PEARROW, Appellant,**

v.

**NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, d/b/a Opryland USA, Appellee.**

**No. 82–1979.**

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1983.

Decided April 12, 1983.

Charles O. Pearrow, P.A., Bald Knob, Ark., for appellant.

Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for appellee.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

On April 27, 1979, plaintiff Freddie Pearrow slipped and fell on the floor of the Hospitality Suite at Opryland USA in Nashville, Tennessee. The fall resulted in a broken arm. Pearrow, a resident of Arkansas, sued defendant National Life and Accident Insurance Co. (National), alleging that National owned and operated Opryland and that National's employees at Opryland had negligently waxed the floor, as a result of which Pearrow had fallen and broken her arm. National moved to dismiss for lack of personal jurisdiction, and the district court [1] granted the motion. For reversal Pearrow argues that the district court had jurisdiction because (1) National has transacted business in Arkansas; and (2) National has appointed the Arkansas Commission of Insurance as its agents for service of process. We affirm.

In order for a court to exercise personal jurisdiction over a foreign corporation, that corporation must have "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). National is registered with the Arkansas Secretary of State as an insurer transacting business and is listed in the Little Rock phone directory. We are willing to assume arguendo that these contacts would be sufficient to meet the requirements of the due process clause. *Cf. Weinberg v. Colonial Williamsburg, Inc.,* 215 F.Supp. 633 (E.D.N.Y.1963). However, the Arkansas long arm statute imposes a further condition: the cause of action against the foreign corporation must have arisen out of the corporation's transaction of business within the state. *Martin v. Kelley Electric Co.,* 371 F.Supp. 1225, 1227–28 (E.D.Ark.1974); Ark.Stat.Ann. § 27–2502.

In *Martin,* Senior Judge Henley, then Chief Judge of the Eastern District of Arkansas, held that the Arkansas long arm statute required that the plaintiff's injuries must arise from the defendant's Arkansas activities before jurisdiction can be had. 371 F.Supp. at 1227. The plaintiff in *Martin,* an Arkansas resident, was injured in Missouri by equipment manufactured by the defendant in South Dakota. The defendant had sold other equipment in Arkansas. Judge Henley held that while the sale

---

**1.** The Honorable William R. Overton, United States District Judge for the Eastern District of    Arkansas.

of equipment in Arkansas would satisfy due process and constitute transacting business, those sales had nothing to do with the plaintiff's injury. *Id.* at 1228. Because there was no connection between the transaction of business in Arkansas and the cause of action, the complaint was dismissed for lack of jurisdiction. *Id.* at 1229.

 In this case, National conducts insurance business in Arkansas. Clearly, however, Pearrow's arm injury in Tennessee has nothing to do with National's insurance business in Arkansas. National has also, according to Pearrow's complaint, sent brochures into Arkansas soliciting Pearrow to visit Opryland.[2] As a result, Pearrow alleges she went to Opryland where she was injured. This connection is too tenuous. Pearrow's cause of action is for negligence, and it cannot be said that the negligence "arose out of" the solicitation in Arkansas. *See Jeanway Industries v. Knudson Manufacturing Co.,* 533 F.Supp. 678, 682 (W.D. Ark.1981); *Krone v. AMI, Inc.,* 367 F.Supp. 1141, 1143 (E.D.Ark.1973). Because Pearrow's cause of action did not arise out of National's transaction of business in Arkansas, the Arkansas long arm statute does not confer personal jurisdiction over National.

Pearrow also argues that because National appointed the Arkansas Commissioner of Insurance as its agent for service of process, National has subjected itself to the jurisdiction of the Arkansas courts. Appointment of the Commissioner of Insurance is a condition imposed under Arkansas law on any foreign insurance company conducting insurance business in Arkansas. Ark.Stat.Ann. § 66–2218.[3] To the extent

§ 66–2218 can be read as jurisdictional rather than as a method of serving process,[4] it does not apply to this case. That section can be read, at its broadest, to cover only causes of action arising out of the insurance business, *New York Fire & Marine Underwriters, Inc. v. Colvin,* 241 Ark. 1019, 411 S.W.2d 657 (1967), or other transactions in Arkansas, *American Casualty Co. v. Lea,* 56 Ark. 539, 20 S.W. 416 (1892). As noted above, Pearrow's negligence cause of action has nothing to do with National's insurance business or any act of National in Arkansas.

The judgment of the district court is affirmed.

---

2. National seems to argue that it did not solicit Pearrow's visit, but rather that Opryland USA solicited Pearrow's visit. The relationship between the two entities is not clear from the record, and we assume for purposes of this appeal that National and Opryland are the same entity.

3. Section 66–2218 provides in part:
   *Service of process—Commissioner as process agent.*—(1) Each foreign insurer applying for a certificate of authority to transact business in Arkansas and every domestic reciprocal insurer shall file with the Commissioner an appointment of the Commissioner and his successor's [successors] in office, on a form

as furnished by the Commissioner, as its attorney to receive service of legal process issued against it in this State. The appointment shall be irrevocable, shall bind the insurer and any successor in interest or to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in Arkansas any obligations or liability of the insurer resulting from its transactions therein.

4. We express no opinion on the propriety of service of process under § 66–2218 in a federal court proceeding where other methods of service are available. Fed.R.Civ.P. 4(d)(3).