**Roy SLOCUM, Mrs. Roy Slocum and Felver A. Rowell, Jr., Legal Guardian of Andrea Epperson, A Minor, Plaintiffs,**

v.

**The SANDESTIN BEACH RESORT HOTEL, a DIVISION OF BEACHSIDE # 1 CONDO ASSOCIATION, Beachside # 1 Condo Association and Otis Elevator Company of Florida, Defendants.**

No. LR-C-87-543.

United States District Court,
E.D. Arkansas, W.D.

Feb. 25, 1988.

Felver A. Rowell, Jr., Morrilton, Ark., for plaintiffs.

James M. Moody, Wright, Lindsey & Jennings, Donald H. Bacon, Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Separate defendants Sandestin Beach Resort Hotel, a division of Beachside # 1 Condo Association, and Beachside # 1 Condo Association have submitted the pending joint motion to dismiss pursuant to Fed.R. Civ.P. 12(b). Because the exercise of *in personam* jurisdiction by this Court over these defendants would be violative of *Ark. Stat.Ann.* § 27–2502 (Repl.1977), now codified at *Ark.Code Ann.* § 16–4–101 (1987), and the Due Process Clause of the United States Constitution, we grant their motion to dismiss.

The facts in the case at bar are relatively clear. The plaintiffs are residents of the State of Arkansas. The moving defendants are corporations organized, and doing business, in the State of Florida. Prior to August of 1984, the plaintiffs had used the resort facilities operated by the defendants in Destin, Florida. As a result of having stayed in those resort facilities, the plaintiffs were placed on the defendants' mailing list and solicited for future visits. The defendants also solicited other residents of the State of Arkansas as potential customers of their resort facilities. In addition, they contacted numerous travel agencies in this state for the purpose of soliciting the patronage of residents from this state.

During the first weeks of August, 1984, the plaintiffs again visited the resort facilities operated by the defendants in Destin, Florida, apparently as a result of the defendants' solicitation efforts. During their visit, on August 9, the plaintiffs were injured while riding an elevator in the resort facilities. They have now initiated this lawsuit in the State of Arkansas and seek to invoke the jurisdiction of this Court on the grounds of diversity of citizenship.[1] They have apparently served the defendants pursuant to the Arkansas long-arm statute, although that fact is not abundantly clear from their complaint. The moving defendants request that we dismiss the complaint at bar for a number of reasons, the most persuasive being the lack of personal jurisdiction.

By virtue of Fed.R.Civ.P. 4(e), a federal court in a diversity action enjoys jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir.1982).

Although the reach of the state long-arm statute is a question of state law and federal courts are required to accept the interpretation given the statute by the state supreme court, the extent to which the reach of the long-arm statute is limited by due process is a question of federal law. [Citations omitted]. The Arkansas Supreme Court has interpreted the reach of that Arkansas long-arm statute to be coextensive with that permitted by due process. *See, e.g., Nix v. Dunavant*, 249 Ark. 641, 460 S.W.2d 762 (1970). *See also Martin v. Kelley Electric Co.*, 371 F.Supp. 1225 (E.D.Ark.1974).

---

1. The defendants are correct in noting that the plaintiffs make no jurisdictional allegation in their complaint. The Court finds that the plaintiffs prosecute this complaint on grounds of diversity from the pleadings submitted by them in response to the pending motion and the cover sheet accompanying the complaint.

*See Id.* In resolving the pending motion then, the Court is required to make a two-part inquiry. First, we must determine whether the facts of this case satisfy the statutory requirements of the Arkansas long-arm statute; and second, we must decide whether the exercise of personal jurisdiction over the moving defendants is consistent with due process. *See Id.*

The Arkansas long-arm statute provides, in part, that this Court may exercise personal jurisdiction over a corporation as to a cause of action or claim for relief arising from the corporation having "transact[ed] any business in this state." *See Ark.Stat. Ann.* § 27–2502(C)(1)(a) (Repl.1977). Although the plaintiffs do not articulate that particular provision as the basis for our jurisdiction over the defendants, it is apparent from their pleadings that they rely upon this section of the long-arm statute. The plaintiffs maintain that the defendants have transacted business in this state as a result of having used the "interstate media" to solicit customers in this state. These customers include the plaintiffs and other residents of Arkansas contacted by way of personal mail solicitations and through local travel agencies acting upon the defendants' solicitations. The plaintiffs offer no other examples of the defendants "transacting any business in this state."

■ The crucial inquiry at this juncture is what type of conduct amounts to transacting business. We find that the plaintiffs have the burden of demonstrating that personal jurisdiction is proper. *See Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir.1977) (once jurisdiction has been controverted or denied, the plaintiff has the burden of proving that personal jurisdiction is proper). It is a burden the plaintiffs have failed to carry.

■ The plaintiffs do not allege that the defendants maintain an office or agent in the State of Arkansas. They do not allege that a sales representative or employee of the defendants has ever entered into the State of Arkansas to solicit customers for the resort. They do not allege that the agreement for lodging at the defendants' resort was entered into in the State of Arkansas. The only contact the defendants are alleged to have with this state is through the "interstate media." Although the Arkansas legislature intended the term "transacting business" to be construed to expand the *in personam* jurisdiction of its courts over nonresident defendants to the maximum allowed by due process, *see Jagitsch v. Commander Aviation Corp.,* 9 Ark.App. 159, 655 S.W.2d 468 (1983), " 'the use of arteries of interstate mail [and] telephone ... is insufficient, standing alone, to satisfy due process.' " *See Mountainaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d at 656 [quoting *Aaron Ferer & Sons v. Atlas Scrap Iron & Metal Co.,* 558 F.2d 450, 453 (8th Cir.1977) ]. Because the defendants transacted no business in this state, this Court has no personal jurisdiction over them, and their motion to dismiss must be granted.

Assuming, *arguendo,* that the plaintiffs could show that the defendants have transacted business in the State of Arkansas, the result would be the same. The Arkansas long-arm statute provides, in part, that when personal jurisdiction is based solely upon the provisions of that statute, "only a cause of action or claim for relief arising from acts enumerated in this section may be asserted against [a defendant]." *See Ark.Stat.Ann.* § 27–2502(C)(2). "In other words, there must be a relationship between the defendants' connection with Arkansas ... and the injury complained of." *See Krone v. A.M.I., Inc.,* 367 F.Supp. 1141, 1143 (E.D.Ark.1973).

■ In the case at bar, the plaintiffs have not alleged that there is a relationship between the defendants' connection with the State of Arkansas and the injuries they sustained at the Destin, Florida resort. Anticipating that the plaintiffs would allege the solicitation efforts made by the defendants in Arkansas are in some way related to the injuries they sustained, we find that this relationship is not actual but rather antecedent. In that regard, *Krone* is instructive. In *Krone,* plaintiff, a resident of the State of Arkansas, made a

reservation at a hotel in the State of Louisiana by means of a teletype system at a hotel in the same chain in the State of Arkansas. During his stay at the Louisiana hotel, plaintiff was injured and subsequently brought a personal injury action against the Louisiana hotel in the State of Arkansas. The district court, on defendant's motion to quash, found that under the Arkansas long-arm statute, the court did not have personal jurisdiction over defendant because the business transacted by defendant had no relationship to the injuries sustained by plaintiff.

In this case, the acts of the plaintiff and the defendant in making a contract for the renting of a room in Shreveport by means of the Holidex system amounted to nothing more than an antecedent fact having nothing whatever to do with the injury that plaintiff claims to have sustained. Plaintiff would have received his injury had he made his reservation by a direct telephone call from his own home in North Little Rock to the Holiday Inn in Shreveport, or indeed if he had made no reservation at all and had simply secured a room on March 17 by calling at the desk of the Holiday Inn in Shreveport.

*See Id.* That case is sufficiently analogous to the one at bar so that this Court can conclude that no relationship exists between the defendants' attempts to solicit business in this state and the plaintiffs' injuries at the Destin, Florida resort. We are therefore compelled to find that the Arkansas long-arm statute provides this Court with no *in personam* jurisdiction over the defendants.

Assuming, *arguendo*, that the defendants' conduct satisfied the requirements of the long-arm statute, the attempt by this Court to exercise personal jurisdiction over the moving defendants would not be consistent with due process. The Due Process Clause of the United States Constitution requires that there be a sufficient connection between a defendant and the forum state as to make it fair to compel a defense of the action in the forum state. *See Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

There must be certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1944). The inquiry must focus on the relationship among the defendant, the forum, and the litigation. *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980)...... The ultimate test is whether the defendant has performed some act by which it has purposely availed itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In determining whether or not a non-resident's contacts with the forum state are sufficient to impose jurisdiction, courts must consider the nature and quality of the contacts with the forum state, the quantity of the contacts with the forum state, the relation of the cause of action to the contracts, the interest of the forum state in providing a forum for its residents, and the convenience of the parties. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211 (8th Cir.1977).

*See Davis v. Kroger Co., et al.*, 576 F.Supp. 1156, 1157–58 (W.D.Ark.1983).

In this instance, the only contacts the defendants are alleged to have had with the State of Arkansas, even accepting the plaintiffs' assertions, were through the "interstate media." These contacts were in the form of solicitations to both individuals and local travel agencies. But as we noted previously, " 'the use of arteries of interstate mail [and] telephone ... is insufficient, standing alone, to satisfy due process.' " *See Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d at 656 [quoting *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d at 453]. The Court finds that the number of these solicitations, again accepting the plaintiffs' claims, were not numerous. The plaintiffs have not alleged that the quantity of the contacts between the defendants and the State of Ar-

kansas was more than occasional. As noted previously, the relationship between the solicitations and the injuries sustained by the plaintiffs is antecedent rather than actual. Having thus concluded, and recognizing that "the interest of a state in providing a forum for its residents, and the convenience of the parties are only 'secondary factors' to be considered and are not determinative," *see Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d at 654 [quoting *Aaron Ferer & Sons Co. v. American Compressed Steel Co.,* 564 F.2d 1206, 1210 n. 5 (8th Cir.1977) ], we find that any attempt by this Court to exercise personal jurisdiction over the moving defendants would be inconsistent with due process. It cannot be said that the defendants' conduct and connection with the State of Arkansas are such that they could reasonably anticipate being hauled into court in this state. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Given the foregoing, we find that the moving defendants are not within the *in personam* jurisdiction of this Court. Their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is therefore granted.