# GALLOP LEASING CORP.

v.

# NATIONWIDE MUTUAL INSURANCE COMPANY

Record No. 911435

June 5, 1992

Present: All the Justices

*Jimese L. Pendergraft (Jones, Blechman, Woltz & Kelly*, on brief), for appellant.

*Thomas A. Fitzgerald, II (West, Stein, West & Smith*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in exercising personal jurisdiction over Gallop Leasing Corp. (Gallop) pursuant to Code § 8.01-328.1, the so-called "long-arm statute."

Nationwide Mutual Insurance Company (Nationwide) filed a declaratory judgment proceeding against Gallop and others, seeking a declaration that a certain automobile liability insurance policy issued by Nationwide was void *ab initio*. Service of process on Gallop, a New York corporation, was made by service upon the Secretary of the Commonwealth pursuant to Code § 8.01-329.

On September 21, 1990, the trial court granted Nationwide a default judgment against Gallop and others. Subsequently, Gallop moved to have the default judgment set aside, contending that the judgment is void because the court did not have personal jurisdiction over Gallop. After an *ore tenus* hearing, the trial court denied Gallop's motion to set aside the default judgment, concluding that the court's exercise of personal jurisdiction was proper under Code § 8.01-328.1. Gallop appeals.

The appeal comes to us on an agreed statement of facts. Gallop is engaged in the business of providing financing for automobile leasing transactions. It has one office, located on Long Island, New York, with 10 employees. Gallop never has had any offices, agents, or employees in Virginia, nor has it conducted any business in Virginia.

Gallop provided financing to Donovan E. Barham for purposes of leasing an automobile from and through an independent broker, Nick Polano. Polano was not an employee of Gallop. He received

no wages or benefits from Gallop, and he did not have an office at Gallop. For his services, Gallop paid Polano a commission on each transaction that he closed. A Gallop officer, in his testimony, referred to Polano as both a broker and an agent.

Polano brought the Barham transaction to Gallop and acted as an intermediary between the automobile dealership, Gallop, and Barham. Gallop never dealt directly with Barham. Polano maintained all contact with Barham and ensured that all of Gallop's requirements regarding insurance were met. Although Barham was responsible for providing his own insurance, Polano followed up to ensure that the financing would be approved by Gallop and that Polano would be paid his commission.

On January 12, 1989, Barham personally appeared at a Nationwide office in Newport News and applied for insurance for the leased automobile through the Virginia Automobile Insurance Plan, better known as assigned risk insurance. On that day, William Ward, a Nationwide agent, issued a policy to Barham. During the initial meeting between the two men, Barham apparently made misrepresentations regarding his state of residence and place of employment, claiming that his residence and place of employment were in the City of Hampton, Virginia.

When the policy was issued to Barham, Gallop was not listed as an additional insured, and the policy limits were below Gallop's requirements. Consequently, on January 17, 1989, Ward received a telephone call from a man identifying himself as "Nick" who stated that he was with Gallop. Nick informed Ward that the insurance policy issued to Barham was inadequate with respect to policy limits and instructed Ward to increase the limits. Nick also instructed Ward to add Gallop as an additional insured on the policy. Ward amended the policy to accord with Nick's instructions.

■ Code § 8.01-328.1(A)(1) provides, *inter alia*, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth." Gallop contends that the trial court erred in exercising personal jurisdiction over Gallop because (1) Gallop did not transact any business in Virginia, (2) the cause of action did not arise from any conduct or activity by Gallop, and (3) Gallop had insufficient minimum contacts with Virginia to satisfy the requirements of due process. If Gallop is correct about any of these contentions, the trial court erred in exercising

personal jurisdiction. Nationwide contends that all three requirements were satisfied, thereby clothing the trial court with personal jurisdiction over Gallop.

We will assume, without deciding, that the individual identified as ''Nick,'' who called Ward on the telephone, was Nick Polano; that Polano was acting as Gallop's agent; that the telephone call was sufficient to satisfy the ''single transaction'' test set forth in *Kolbe, Inc.* v. *Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971); and, therefore, that Gallop did transact business in Virginia as contemplated in Code § 8.01-328.1(A)(1). Having made these assumptions, we next consider Gallop's second contention, *viz*, that Nationwide's cause of action did not arise from any conduct or activity attributable to Gallop.

As previously noted, Code § 8.01-328.1(A)(1) provides that a court may exercise personal jurisdiction over a person ''as to a cause of action *arising from*'' the person's transaction of business in Virginia. (Emphasis added.) Similarly, paragraph B of Code § 8.01-328.1 provides that ''[w]hen jurisdiction over a person is based solely upon [§ 8.01-328.1], only a cause of action *arising from* acts enumerated in [that] section may be asserted against him.'' (Emphasis added.)

In the declaratory judgment proceeding, Nationwide asked that the insurance policy be declared void *ab initio* because Barham allegedly made material misrepresentations about his state of residence and his place of employment. Gallop's acts in instructing Nationwide to amend the policy were not a basis for having the policy declared void. Thus, because Nationwide did not assert a cause of action *arising from* any acts of Gallop in Virginia, the trial court erred in exercising personal jurisdiction over Gallop. The conclusion we reach accords with the decisions of other courts that have addressed the issue. *See e.g.*, *Pizarro* v. *Hoteles Concorde International, C.A.*, 907 F.2d 1256, 1258-59 (1st Cir. 1990); *Marino* v. *Hyatt Corp.*, 793 F.2d 427, 431 (1st Cir. 1986); *City of Virginia Beach* v. *Roanoke River Basin Ass'n*, 776 F.2d 484, 487-88 (4th Cir. 1985); *Pearrow* v. *National Life & Acc. Ins. Co.*, 703 F.2d 1067, 1069 (8th Cir. 1983); *Chedid* v. *Boardwalk Regency Corp.*, 756 F.Supp. 941, 943 (E.D.Va. 1991).

Accordingly, the trial court's judgment will be reversed, the default judgment against Gallop will be vacated and annulled, and the declaratory judgment proceeding will be dismissed.

*Reversed and dismissed.*