## CIRCUIT COURT OF THE CITY OF RICHMOND

Michael L. Emmons
and Mary-Leslie Emmons

v.

American Eagle
Motorcycle Co., Inc.

August 31, 1999

Case No. CL98-709

BY JUDGE MELVIN R. HUGHES, JR.

This matter is before the court on defendant American Eagle Motorcycle Company, Inc.'s Plea for Dismissal for Lack of Personal Jurisdiction.

In an Amended Motion for Judgment, plaintiffs have brought several claims arising out of their acquisition of a motorcycle. Citing that "the motorcycle did not conform to the contract and warranties as there were numerous defects ..." plaintiffs seek a money judgment under various counts, breach of express-implied warranties, violation of the Motor Vehicle Warranty Enforcement Act, the Uniform Commercial Code (UCC), and the Virginia Consumer Protection Act, Va. Code § 59.1-199, *et seq*. Defendant American Eagle is a California corporation and is the manufacturer of the motorcycle.

In its Plea, American Eagle asserts that the court has no personal jurisdiction and seeks dismissal. The pertinent facts for deciding the Plea are these. The motorcycle was sold to a third party who in turn sold it to the plaintiffs in Myrtle Beach, South Carolina. The only contact plaintiffs have had with American Eagle came when American Eagle delivered a warranty to them in Virginia by fax after purchase from the third party. Relying on Va. Code § 8.01-328.1, American Eagle contends the court is without jurisdiction. The court agrees.

Relevant here, Va. Code § 8.01-328.1(A)(1) provides, *inter alia*, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by

an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this commonwealth." American Eagle argues that the court cannot exercise personal jurisdiction over it because (1) American Eagle did not transact any business in Virginia, (2) the cause of action does not arise from any conduct or activity by American Eagle in Virginia, and (3) American Eagle does not have sufficient minimum contacts with Virginia to comply with due process or traditional notions of fair play and substantial justice.

As the Supreme Court of Virginia noted in *Gallop Leasing v. Nationwide Mutual Ins.*, 244 Va. 68 (1992):

> Code § 8.01-328.1(A)(1) provides that a court may exercise personal jurisdiction over a person "as to a cause of action *arising from*" the person's transaction of business in Virginia. (Emphasis added.) Similarly, paragraph B of Code § 8.01-328.1 provides that "[w]hen jurisdiction over a person is based solely upon [§8.01-328.1], only a cause of action *arising from acts* enumerated in [that] section may be asserted against him."

*Id.* at p. 69 (emphasis added).

Here, the only thing American Eagle did relative to the motorcycle was to fax a warranty to plaintiffs after being requested to do so after purchase from the third party in South Carolina. This is not an act from which plaintiffs' cause of action arises. Thus, there being no other act that could form plaintiff's claim, American Eagle's motion has merit and the Plea is sustained.