## CIRCUIT COURT OF FAIRFAX COUNTY

Prolinks, Inc.,
t/a Hughes & Co.

v.

Horizon Organic
Dairy, Inc.

July 9, 2001

Case No. (Law) 193616

BY JUDGE ARTHUR B. VIEREGG

This case involves a breach of contract action brought by the plaintiff, Prolinks, Inc., trading as Hughes & Company ("Hughes") against Horizon Organic Dairy, Inc. ("Horizon"), a Colorado corporation. This case came before me on Horizon's motion to quash Virginia long-arm service of process upon it and to dismiss Hughes' action for lack of personal jurisdiction. Both sides presented evidence, after which I took the issues before me under advisement. I am now prepared to rule.

*Summary of the Facts*

The facts in this case are not in serious dispute. Horizon, which is headquartered in Colorado, is engaged in selling dairy products to national retail grocers. In order to locate and hire an employee to manage its Midwest Region, Horizon's Director of Human Resources, Mr. Merryman, telephonically contacted Hughes, a Virginia company that concentrates in recruiting employees for dairy businesses. As a consequence of that telephone call, Mr. Hughes e-mailed Mr. Merryman a signed agreement, Def. Ex. 1, pursuant to which Horizon would provide recruitment services to identify a Midwestern Region manager for Horizon. On July 26, 2000, Mr. Merryman

18

received the e-mailed (or faxed) contract, executed it in Colorado, and electronically sent it back to Mr. Hughes in Virginia. Thereafter, Hughes performed services in Virginia related to the recruitment of potential Horizon personnel in the Midwest. Hughes contends that its services eventuated in Horizon's hiring of an employee for which it should be compensated.

The evidence presented demonstrated that the representatives of the two companies electronically communicated with one another extensively and that, on occasion, express packages were sent by Mr. Merryman to Mr. Hughes in Virginia. Horizon never maintained offices in Virginia, nor did any of its employees ever personally transact business in Virginia.

*Analysis and Decision*

The question before this Court is whether Hughes's service on Horizon meets the requirements of Va. Code § 8.01-328.1(A)(1) for effective Virginia long-arm statute jurisdiction. Va. Code § 8.01-328.1(A)(1) provides in pertinent part:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . .
1. Transacting any business in this Commonwealth. . . .

In order to determine whether a particular defendant is subject to Virginia long-arm jurisdiction, a two-step process is involved. First, a court must determine whether the conduct of the defendant falls within the conduct or circumstances identified by the Virginia General Assembly for the assertion of such jurisdiction. If so, the court must determine whether the assertion of jurisdiction is consistent with the Due Process Clause of the United States Constitution. U.S. Const., Amend. XIV.

The Supreme Court of Virginia has emphasized that Va. Code § 8.01-328.1(A)(1) was adopted to confer jurisdiction over nonresidents who purposefully act in Virginia to the greatest extent permissible under the Due Process Clause. *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 258-59 (1989) (contract consummated in Virginia); *Kolbe v. Chromodern, Inc.*, 211 Va. 736, 740 (1971) (signing of a contract by agent in Virginia). Until *Nan Ya Plastics*, however, the Virginia Supreme Court had uniformly required conduct by a defendant in the Commonwealth as the predicate for "transaction of any business" long-arm jurisdiction. Moreover, the Court had recognized the plain meaning of Va. Code § 8.01-328.1(C) requires that the cause of

action advanced must have arisen from the transaction of business in the Commonwealth upon which jurisdiction under § 8.01-328.1 was based. *See Gallop Leasing Corp. v. Nationwide Mutual Ins.*, 244 Va. 68, 71 (1992).

In *Nan Ya Plastics*, however, the Court recognized a Virginia trial court's assertion of long arm jurisdiction based on only several phone calls and a letter and contract that that were initiated by the defendant from outside Virginia. In *Nan Ya Plastics*, no employee or agent of the defendant had ever physically been present in the Commonwealth. In finding jurisdiction, Justice Hassell, writing for a unanimous Court, principally emphasized two circumstances. The first was that the defendant, Nan Ya Plastics, by telephone and by mail, had "reached into Virginia" and aggressively recruited [the plaintiff] for employment. The second, and apparently decisive factor, was that the parties' employment contract was legally consummated in Virginia, because the plaintiff had verbally accepted Nan Ya Plastics' employment offer in a telephone call initiated in Virginia. Accordingly, in *Nan Ya Plastics*, the Court *sub silentio* held that physical conduct by conduct in Virginia is not necessary to confer long arm statute jurisdiction over that defendant, at least, if the contract may be found to have been consummated in Virginia.

The present case, however, is distinguishable in that the contract sued upon was consummated in Colorado. However, the plaintiff refers this Court to the decision of the Fourth Circuit Court of Appeals in *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311 (4th Cir. 1982). In that case, the Fourth Circuit recognized Virginia long-arm jurisdiction based on written and telephonic offers and discussions initiated outside of the Commonwealth and directed to the plaintiff in Virginia. The contract that was the subject of the case was consummated in Texas. The reasoning of the Fourth Circuit, however, is unpersuasive. The cases cited in support of jurisdiction represented Virginia Supreme Court decisions in which the defendant or its agent had physically consummated the contract sued upon in Virginia.

Hughes, however, has advanced an additional argument: that Long Arm Statute jurisdiction may be found if the contract sued upon was partially performed in Virginia. In the case before me, it is indisputable that Mr. Hughes made calls from his office in Virginia and necessarily conducted other preparatory work to attract management recruits to attend employment interviews ultimately held in Chicago, Illinois. This position has some support. In *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315 (1999), a Virginia corporate plaintiff contracted with the corporate defendant, a Fort Lauderdale, Florida, company, to purchase a sport fishing boat. By agreement, the boat was to be delivered by the defendant to the plaintiff's employees or agents in South Carolina. When problems were encountered in route to South

Carolina, the parties telephonically agreed that the boat would be delivered by the defendant to Virginia for repairs at the defendant's expense. The Virginia Supreme Court recounted no facts indicating either that the original contract to purchase the boat or the later agreement to repair the boat was consummated in Virginia. Nor did the Court refer to other facts demonstrating that any employee or agent of the defendant had physically transacted business in Virginia until the boat was delivered to Virginia. The Court held, however, that the delivery of the boat was sufficient to confer jurisdiction on the Virginia trial court under Va. Code § 8.01-328.1(A)(1). Writing again for a unanimous Court, Justice Hassell wrote:

> Even though the defendant had initially agreed to deliver the boat to South Carolina, the defendant was paid additional consideration to deliver the vessel to Virginia. The defendant's employees physically transported the boat within Virginia's boundaries and delivered the boat to the plaintiff in Virginia. The defendant's employees had telephone discussions with the plaintiff, discussed the status of repairs and improvements to the boat, and, after the defendant's employees had physically transported the boat to Virginia, the defendant advised plaintiff that it should have the necessary repair work done and forward copies of repair invoices to the defendant for consideration for reimbursement. The repair work was performed in Virginia.
>
> We conclude that the defendant by taking these actions, purposefully availed itself of the privilege of conducting activities in the Commonwealth, thereby invoking the benefits and the protections of Virginia's laws. . . . The contacts with the Commonwealth make it reasonable for the defendant to be required to defend the plaintiff's action in this State.

257 Va. at 321 (1999). The language of the Court again does not *in haec verba* recognize that part performance of a contract will confer jurisdiction for a cause of action for breach of that contract. Nevertheless, the Court's holding would seem to necessarily imply such a conclusion.

Despite the result reached in *Peninsula Cruise, Inc.*, it too is distinguishable from the facts before this Court. Here, although the plaintiff Hughes partially performed the contract in Virginia, unlike the defendant's boat delivery in *Peninsula Cruise, Inc.*, defendant Horizon performed no acts to perform the contract in Virginia.

Based on the foregoing analysis, I conclude that plaintiff Hughes has not carried its burden of proving that Horizon transacted any business in Virginia

within the meaning of Va. Code § 8.01-328.1(A)(1) necessary to confer long-arm statute jurisdiction over Horizon. Accordingly, Horizon's motion to quash is granted.